WILLIAM WYMAN *vs.* CHARLOTTE H. RICHARDSON.

*Dowress—rights of. Levy of execution—effect of. Pleading.*

By a levy upon the real estate of his debtor, which has been fraudulently conveyed, a judgment creditor acquires the legal title to it, and can then maintain a bill in equity to remove the cloud which the fraudulent deed casts upon his title.

A widow is entitled to a third of the rents and profits of real estate prior to the assignment of her dower therein, under R. S., c. 103, § 4, only when her husband died seized.

Though entitled to dower, she has no claim to occupy any portion of the estate until it has been duly assigned.

The plea of *nul disseizin* admits possession of the premises to be in the tenant, claiming a freehold therein.

ON EXCEPTIONS.

The late Amos Wyman was indebted to William Wyman, who obtained judgment upon his debt and levied the execution upon

certain parcels of land which the said Amos had conveyed to his wife, who is now the present defendant, and which they had jointly conveyed to her brother, Henry L. Fox, as appears by the report of the bill and proceedings in equity brought and prosecuted by said William against said Fox and this defendant, then Mrs. Wyman, in 55 Maine, 523, and 59 Maine, 100, the object of which was to compel them to release to him, and thus remove the cloud upon his title, which was accomplished. 59 Maine, 100. Mrs. Wyman's right of dower was excepted from the operation of this release, and in an action already reported in this volume, page 280, she was held entitled to have it set out to her.

She occupied the demanded premises, being the same conveyed to her by her husband, and by them to Mr. Fox, and levied upon by the plaintiff, for more than six years prior to the bringing of this action to recover them. The demandant introduced his levy, the several deeds referred to, and the record of this equity proceeding; and, against the tenant's objection, was allowed to introduce testimony as to the value of the rents and profits of the demanded premises for the six years prior to the date of his writ. Her counsel asked to have the jury instructed that she was entitled to dower in the premises, and that the demandant's title was subject thereto; that if the acts of disseisin named in the declaration were done by her husband, or by him jointly with her, this action could not be maintained against her alone; that, as she was entitled to one-third of the net rents and profits of the lands of which her late husband died seized, that fraction should be deducted in estimating what the demandant ought to recover; that the demandant's title to the property accrued September 23, 1871, when the deed from Fox to him was delivered, and the rents and profits to which he is entitled are to be estimated from that time; all of which instructions the presiding justice declined to give, and the tenant excepted, the verdict being in favor of the demandant for the premises, and $400 as the rents and profits.

*A. Libbey* and *S. Titcomb,* for the tenant.

*Baker & Baker,* for the demandant.

Wyman v. Richardson.

APPLETON, C. J. The case comes before us upon exceptions to the refusals of the justice presiding to give certain requested instructions.

A fraudulent conveyance is no transfer of the title as against creditors. The demandant, therefore by his levy, acquired a legal title to the estate of Amos Wyman upon which he had levied. *Wyman v. Fox*, 55 Maine, 523. The bill in equity by Wyman against Fox and another was for the purpose of removing any possible cloud resting upon the title thus acquired. *Wyman v. Fox*, 59 Maine, 100.

By R. S., c. 103, § 4. "The widow shall be entitled to receive one undivided net third part of the rents and profits of the estate of which her husband died seized, until her dower is assigned either by the heirs, the judge of probate or judgment of court." There is no evidence that the husband died seized of the premises described in the demandant's writ. On the contrary he had long previously conveyed the premises by a deed valid as against him, though voidable as to his creditors. The tenant therefore is not entitled to receive one net third of the rents and profits,—and though entitled to dower she cannot claim to occupy any part of the estate until it has been assigned. *Bolster v. Cushman*, 34 Maine, 428.

The tenant by the plea of *nul disseizin* admits that she is in possession and claims a freehold in the demanded premises. *Colburn v. Grover*, 44 Maine, 47. There is no disclaimer or plea of non-tenure, nor does the tenant claim title under or as the tenant of any one who has a better title.

The demandant did not acquire his title by virtue of the deed of release of Fox to him of September 13, 1871. The object and the effect of that deed was to remove the cloud upon the title of the demandant, existing only in consequence of fraudulent conveyances of Amos Wyman, upon whose estate the levy under which he claims title was made.                         *Exceptions overruled.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.